NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| JASON WALRATH, ) | |
| ) | Supreme Court No. S-17091 |
| Appellant, ) | |
| ) | Superior Court No. 3PA-16-02476 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| BOBBI WALRATH, ) | AND JUDGMENT* |
| ) | |
| Appellee. ) | No. 1729 – July 3, 2019 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Jonathan A. Woodman, Judge.

Appearances: Jason Walrath, pro se, Wasilla, Appellant. Bobbi Walrath, pro se, Wasilla, Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

## I. INTRODUCTION

A couple separated and made an oral contract concerning the equity in their home. The settlement agreement that the superior court incorporated into their dissolution decree did not include this contract. After the husband breached the contract several years later, the wife sued to enforce it. The superior court found that the contract was enforceable and awarded the wife damages. The husband appeals, arguing that contracts that are not incorporated into a settlement agreement and dissolution are

---

\* Entered under Alaska Appellate Rule 214.

unenforceable as a matter of law. We disagree and therefore affirm the superior court's judgment.

## II. FACTS AND PROCEEDINGS

### A. Facts

After marrying in 2005, Bobbi and Jason Walrath purchased a house in Wasilla. In late 2009 they remodeled the basement of the home, and Bobbi moved out. She signed a quitclaim deed and waived her homestead rights to the property in early 2010. Jason began making periodic payments to Bobbi in May 2011, although the parties later disputed the purpose of these payments.

### B. Proceedings

#### 1. The dissolution hearing

In November 2011 Bobbi and Jason, representing themselves, filed a Petition for Dissolution of Marriage. They indicated that Jason owned and should be awarded the marital home. When the master asked about this proposed award, Bobbi answered, "[A]ll the paperwork for everything has been switched into each other's names . . . so that it was simpler for this part. . . . Everything that's his is in his name now." Asked about the equity in the property, Jason said, "[T]here was some, but I'm not going to worry about the equity. I'm not concerned about that part of it." The master confirmed that the parties understood and were satisfied with their proposed division. The master asked if there were "any other agreements between [them]," and Jason replied, "That pretty well sums it up." Finding that it was "the complete agreement between the spouses," the court adopted the proposed property division and signed the dissolution decree in December 2011.

#### 2. The contract trial

After the dissolution Jason continued to make regular payments to Bobbi, but he stopped in 2016. When Bobbi was unable to persuade Jason to resume making

payments, she filed a motion to reduce the debt to judgment. This motion was denied because the agreement concerning the payments was not part of the dissolution decree. Upon the court's recommendation, Bobbi filed a new civil suit in the superior court in December 2016.

Bobbi alleged in her complaint that she and Jason had agreed before the dissolution that he would pay her $25,000 in periodic installments for her half of the equity in the home and for the cost of some repairs. Because Jason had stopped making these payments, she alleged that he had breached this agreement.

The superior court ultimately found that Bobbi and Jason had formed an oral contract, under which Jason agreed to pay Bobbi $25,000 for her share of the equity in the home ($20,000) and some home repairs ($5,000) in exchange for her signing the quitclaim deed and waiving her homestead rights. The court stated it was "undisputed that Mr. Walrath and Ms. Walrath had an oral agreement that Mr. Walrath would pay Ms. Walrath." The court noted for support that Jason had written "payment" and "equity payment" on several checks to Bobbi. Bobbi also had sent an email "illustrating the remaining balance for the equity owed," to which Jason responded, "Received." The attached receipt listed the initial balance as $25,000, and Jason made three additional payments after receiving this email. The court found that Jason had breached the contract by discontinuing payments and that he still owed Bobbi $18,200. The court awarded her $18,200 in damages.

Following the trial Jason moved for reconsideration, arguing that the court "overlooked the principle that parties to a divorce or dissolution cannot have enforceable agreements that are not part of their divorce or dissolution settlement agreements." The superior court denied this motion, and Jason now appeals.

## III. DISCUSSION

### A. The Unincorporated Contract Is Enforceable.

The superior court found that prior to their dissolution, Jason and Bobbi entered into an enforceable oral contract, which Jason then breached. Jason asserts that as a matter of law, such a contract is unenforceable unless included in the dissolution decree.[1] Jason's understanding likely stems from the dissolution decree itself, in which the court found that "[t]he written agreements between petitioners concerning . . . division of property . . . and allocation of obligations are fair and just and constitute the entire agreement between the parties."[2] Jason also relies on *Horchover v. Field*, when we evaluated whether a superior court's order for an accounting of various financial assets was an enforcement of a settlement agreement or an added term to a settlement agreement.[3] We noted there that "[p]rinciples of contract law are not applicable in an attempt to obtain relief from a final judgment [when the final judgment comprises] the terms of a property settlement incorporated into a divorce decree."[4]

But this is not a case of an agreement included within a property settlement and incorporated into a dissolution decree. The parties neither specifically discussed nor included the agreement in their petition for dissolution. The superior court found, following the contract, trial that the parties had neglected to include the agreement in the

---

[1]    We review questions of law de novo. *Horchover v. Field*, 964 P.2d 1278, 1281 (Alaska 1998).

[2]    *See* AS 25.24.230(a)(2) (permitting court to grant dissolution decree if it makes finding that "the written agreements . . . are fair and just and constitute the entire agreement between the parties").

[3]    964 P.2d at 1281-82.

[4]    *Id*. at 1281 (alterations in original) (quoting *Stone v. Stone*, 647 P.2d 582, 585 (Alaska 1982)).

dissolution; the court explained that Bobbi "did not believe the other agreement(s) were relevant to the dissolution because the issues had already been resolved" and that "[a]s a pro se litigant, this was a reasonable misunderstanding." Therefore we conclude that the contract remains independently enforceable.

## IV.   CONCLUSION

The superior court's judgment is AFFIRMED.